**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SANDRA J. PETRUSAITIS, | : | CIVIL CASE NO. |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| CITY OF BRIDGEPORT, | : | |
| Defendant. | : | APRIL 3, 2023 |

## COMPLAINT

### I.    PRELIMINARY STATEMENT

1.    This action is brought against the defendant, City of Bridgeport ("Bridgeport"), pursuant to the Age Discrimination in Employment Act ("ADEA"), in which the plaintiff seeks declaratory, injunctive and equitable relief, compensatory damages, and costs and attorney fees for age discrimination suffered by the plaintiff when the defendant, Bridgeport, terminated the plaintiff's employment on account of the plaintiff's age.

2.    This action also seeks declaratory, injunctive, and equitable relief, and compensatory damages, and costs and attorney fees for the retaliation to which the plaintiff was subjected by the defendant, Bridgeport, because she had opposed the age discrimination to which she had been subjected by the defendant in violation of the provisions of the ADEA.

3.    Additionally, this action is brought against the defendant, Bridgeport, pursuant to the Connecticut Fair Employment Practices Act, in which the plaintiff seeks declaratory,

injunctive, equitable relief, economic and compensatory damages, and costs and

attorney fees for age discrimination suffered by the plaintiff when the defendant,

Bridgeport, terminated the plaintiff's employment on account of the plaintiff's age.

4.    This action also seeks declaratory, injunctive, and equitable relief, and compensatory

damages, and costs and attorney fees for the retaliation to which the plaintiff was

subjected by the defendant, Bridgeport, because she had opposed the age

discrimination to which she had been subjected by the defendant in violation of the

provisions of the ADEA.

**II.    JURISDICTION**

5.    This action arises under the Age Discrimination In Employment Act, Title 29 U.S.C.

§621 et seq.

6.    Jurisdiction is invoked pursuant to Title 28 U.S.C. §1343(a)(3), Title 28 U.S.C.

§1343(a)(4), and Title 29 U.S.C. §626(b).

7.    The court has supplemental jurisdiction over the plaintiff's state law claims.

8.    All conditions precedent to jurisdiction under the Age Discrimination in Employment

Act, have occurred or have been complied with in the following manner:

    a.    A charge of employment discrimination on the basis of age was filed on or

about May 3, 2022, with both the State of Connecticut Commission on Human

Rights and Opportunities and the United States Equal Employment

Opportunity Commission, which filings were within 300 days of the

commission of the unlawful employment practices alleged herein;

b.  On or about August 16, 2023, the plaintiff filed an amendment to her original complaint with both the State of Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission, which filings were within 300 days of the commission of the unlawful employment practices alleged herein.

c.  More than 60 days have passed since plaintiff filed a complaint with the United States Equal Employment Opportunity Commission charging the defendant, Bridgeport, with age discrimination.

d.  On March 31, 2023, the State of Connecticut Commission on Human Rights and Opportunities issued Releases of Jurisdiction to the plaintiff. *Exhibit 1*

9.  Declaratory, injunctive, compensatory damages, liquidated damages and equitable relief are sought pursuant to Title 28 U.S.C. §2201, §2202, and Title 29 U.S.C. §626.

10. Declaratory, injunctive, economic, and compensatory damages, and equitable relief are sought pursuant to the Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a-51 et seq.

11. Costs and attorney fees may be awarded pursuant to Title 29 U.S.C. §626.

12. Costs and attorney fees may be awarded pursuant to Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a-51 et seq.

### III.   VENUE

13.   This action also properly lies in the United States District Court for the District of Connecticut pursuant to Title 29 U.S.C. §626, because the unlawful employment practice of which the plaintiff complains was committed in this judicial district.

### IV.   PARTIES

14.   The plaintiff, who was born on March 14, 1964, is a citizen of the United States residing in Milford, Connecticut.

15.   Bridgeport is a municipal corporation and body politic, organized, and existing under the laws of the State of Connecticut,

16.   The defendant, Bridgeport, is a person within the meaning of Title 29 U.S.C. §630 (a).

17.   The defendant, Bridgeport, is an employer within the meaning of Title 29 U.S.C. §630 (b).

18.   The defendant, Bridgeport, employs in excess of twenty employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year.

### V.   FACTS

19.   At all times relevant to the claims made by the plaintiff in her complaint, she was a fifty-eight (58) year old citizen of the United States residing in the City of Milford, within the State of Connecticut.

20.   The defendant, Bridgeport, is a municipal corporation and a subdivision of the State of Connecticut.

21.    The plaintiff possesses a Bachelor of Science degree in Human Services and
Administration awarded to her by Springfield College.

22.    The plaintiff possesses an Associate of Arts degree in Journalism/Communications
awarded to her by Housatonic Community College.

23.    The plaintiff has worked in the field of human services at the Child & Family
Guidance Center dealing, at times, with crisis situations involving the abuse and/or
neglect of children.

24.    The defendant hired the plaintiff as a Public Safety Telecommunicator on January 24,
2022.

25.    The plaintiff, although not previously working as a public safety telecommunicator,
has substantial experience in safety-sensitive positions involving public health and
safety.

26.    The plaintiff's qualifications exceed the job requirements for the position of public
safety telecommunicator.

27.    Prior to working for the defendant, the plaintiff had been employed by Lime Rock
Park, EMS.

28.     From the start of her employment, the plaintiff was subjected to blatant age
discrimination by Debra Deida and Kevin Werder, who had been assigned by the
defendant to provide the plaintiff with telecommunicator training.

29.    From the start of her employment with the defendant, Debra Deida and Kevin Werder had concluded, based on the plaintiff's age, that the plaintiff would not be able to perform the essential duties of the public safety telecommunicator position.

30.    Debra Deida and Kevin Werder had predetermined that the plaintiff, a college graduate and an experienced crisis manager, did not possess the skills and abilities to perform the duties of a public safety communicator.

31.    For legitimate training reasons, the plaintiff posed questions to her supervisors to obtain information regarding routine calls and calls most frequently made to Bridgeport Emergency Operation Center.

32.    Debra Deida and Kevin Werder took exception to the plaintiff's efforts to understand the science underlying the methods of public safety telecommunication instead of simply acting on rote memory.

33.    In response to the plaintiff's requests for such information, Debra Deida and Kevin Werder disdainfully informed her that with time she "would get the hang of routine calls."

34.    The plaintiff also made various requests to obtain the available tools that would facilitate her training, such as the PowerPhone flip chart for the script information and format.

35.    Once again, the plaintiff met resistance from Debra Deida and Kevin Werder, who, instead of providing her with the tools, advised her to take pictures with her phone.

36.     When the plaintiff persisted and asked for the flip chart, Debra Deida and Kevin
        Werder on one occasion implausibly told her that they did not know where flip chart
        was located, and on another occasion informed her that it was locked up in a closet
        somewhere.

37.     Debra Deida and Kevin Werder questioned the plaintiff as to her reason, at her age,
        for undertaking a career in public safety telecommunication.

38.     Debra Deida and Kevin Werder informed the plaintiff that she was too old to work as
        a public safety communicator.

39.     Debra Deida and Kevin Werder encouraged the plaintiff to resign from her job with
        Bridgeport as a public safety communicator.

40.     When the plaintiff did not accede to the suggestions of Debra Deida and Kevin
        Werder that she resign from her position, they took to micromanaging her
        performance, even though she was at the start of her training period.

41.      Debra Deida and Kevin Werder micromanaged the plaintiff's job performance, were
        highly critical and unfairly found fault with her daily tasks.

42.     On March 9, 2022, the plaintiff telephoned the defendant's human resources office
        and verbally filed an age discrimination complaint based on the age discriminatory
        treatment to which she was subjected by Debra Deida and Kevin Werder.

43.     On March 11, 2022, Debra Deida and Kevin Werder, without reasonable cause,
        required the plaintiff to undergo a drug screening test, which proved negative for any
        prohibited substances.

44.   On March 11, 2022, the defendant, without cause or reason, placed the plaintiff on administrative leave with pay.

45.   On April 25, 2022, the plaintiff filed a complaint against the defendant with the State of Connecticut Commission on Human Rights and Opportunities alleging that she had been the victim of age discrimination and unlawful retaliation when the defendant summarily suspended her from her employment with the defendant on March 11, 2022.

46.   On May 17, 2022, the Connecticut Commission on Human Rights and Opportunities served the defendant with a copy of the plaintiff's complaint.

47.   On June 7, 2022, the plaintiff's supervisor, Scott Appleby, Director of ECOC, sent a letter dated June 7, 2022, to the plaintiff informing her that he had recommended the termination of her employment, which would be acted upon by the Bridgeport civil service commission on June 14, 2022.

48.   Since March 11, 2022, the defendant had not communicated with the plaintiff in any fashion until Appleby sent the letter dated June 7, 2022, informing her that he had recommended the termination of her employment.

49.   After failing to communicate with the plaintiff for almost three months, the defendant commenced termination proceedings against the plaintiff within three weeks of being served with a copy of the age discrimination and retaliation complaint that the plaintiff filed with the Connecticut Commission on Human Rights and Opportunities.

50.    The notice of the plaintiff's pending termination was sent to her only after the defendant had been served on May 17, 2022, with a complaint that the plaintiff had filed on April 25, 2022, with the State of Connecticut Commission on Human Rights and Opportunities.

51.    Because the plaintiff has been placed on administrative leave, she had not been receiving the necessary training and instruction necessary to pass her probationary period of employment.

52.    The defendant had intentionally interfered with the plaintiff's probationary period of employment to prevent her from achieving permanent status in her position.

53.    Placing the plaintiff on administrative leave, even though she has continued to receive her pay, is an adverse employment action since it had doomed the plaintiff to fail her probation period because she was not being provided with the necessary training and instruction necessary for her to achieve permanent status.

54.    From the very start of her employment with the defendant, despite the false accusations of Debra Deida and Kevin Werder, the plaintiff capably performed her duties and responsibilities as a probationary telecommunicator officer.

55.    The supervisor and trainer assigned by the defendant to instruct and train the plaintiff had openly voiced the defendant's preference to employ and train younger workers as opposed to the plaintiff.

56.    The defendant placed the plaintiff on administrative leave without a legitimate, non-discriminatory reason.

57.     The defendant barred the plaintiff from continuing her training and performing the
        duties of a probationary telecommunicator officer while she was on administrative
        leave.

58.     The defendant further retaliated against the plaintiff by forcing her to undergo a
        highly demeaning and embarrassing drug screen without reasonable cause on March
        11, 2022.

59.     On June 14, 2022, the defendant terminated the plaintiff's employment.

60.     The defendant, Bridgeport, did not have a legitimate, non-discriminatory reason to
        terminate the plaintiff's employment.

61.     The plaintiff was fully qualified to perform the duties of a telecommunicator officer
        for the defendant, Bridgeport.

62.     The plaintiff performed her duties and responsibilities throughout her employment
        with the defendant, Bridgeport, in a most competent and capable manner.

63.     The plaintiff possesses the essential qualifications for employment as a probationary
        telecommunicator officer in the employ of the defendant, Bridgeport.

64.     The plaintiff's age was a but-for cause behind the defendant's decision to terminate
        the plaintiff's employment as a probationary telecommunicator officer.

65.     The reasons advanced by the defendant, Bridgeport, for terminating the plaintiff's
        employment were untrue and were pretexts to justify the termination of the plaintiff's
        employment because of her age.

66.     The defendant terminated the plaintiff's employment because of the plaintiff's age.

67.    The plaintiff has suffered financially and emotionally as a result of the discriminatory

conduct of the defendant.

**VI.    FIRST CAUSE OF ACTION (UNLAWFUL AGE DISCRIMINATION UNDER THE ADEA)**

68-134. The plaintiff incorporates as if re-alleged paragraphs 1 through 67.

135.    The defendant, Bridgeport, discriminated against the plaintiff because of her age

when it terminated her employment.

136.    The Age Discrimination in Employment Act prohibits discriminatory employment

practices based on an employee's age.

137.    The defendant, Bridgeport, violated the provisions of the Age Discrimination in

Employment Act when it terminated the plaintiff's employment.

138.    The plaintiff is fully qualified for employment as a telecommunicator officer in the

employ of the defendant, Bridgeport.

139.    The plaintiff suffered an adverse employment action when the defendant, Bridgeport,

terminated her employment.

140.    But for the plaintiff's age, she would have remained employed as a telecommunicator

in the employ of the defendant, Bridgeport.

141.    The defendant, Bridgeport, did not have a legitimate, non-discriminatory reason to

terminate the plaintiff's employment.

142.    Because the plaintiff's age was the determinative factor leading to the decision of the

defendant, Bridgeport, to terminate the plaintiff's employment, the defendant,

Bridgeport, violated the provisions of the Age Discrimination and Employment Act, Title 29, U.S.C. 623(a)(1).

143.   The defendant, Bridgeport, engaged in age discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under The Age Discrimination and Employment Act, Title 29 U.S.C. §623 et seq.

144.   As a result of the unlawful discriminatory actions of the defendant, Bridgeport the plaintiff has suffered financial losses.

**VII.   SECOND CAUSE OF ACTION (Unlawful Discrimination In Violation Of The Connecticut Fair Employment Practices Act § 42a-60(b)(1))**

 145-211. The plaintiff incorporates as if re-alleged paragraphs 1 through 67.

212.   The defendant, Bridgeport, violated the provisions of Connecticut General Statutes § 46a-60(b)(1), when it terminated the plaintiff's employment as a telecommunicator on account of her age.

213.   There did not exist a legitimate, non-discriminatory reason for the defendant, Bridgeport, to terminate the plaintiff's employment as a telecommunicator.

214.   The plaintiff was fully qualified to perform the duties of the position of telecommunicator.

215.   The plaintiff had successfully performed the duties of the position of a telecommunicator.

216.   Because the plaintiff's age was a motivating factor and/or but-for cause for the decision of the defendant, Bridgeport, to terminate the plaintiff's employment as a

telecommunicator, the defendant, Bridgeport, violated the provisions of Connecticut General Statutes § 46a-60(b)(1).

217.    The defendant, Bridgeport, intentionally engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Connecticut General Statutes § 46a-60(b)(1).

218.    As a result of the unlawful discriminatory actions of the defendant, Bridgeport, the plaintiff has suffered emotional distress.

219.    As a result of the unlawful discriminatory actions of the defendant, Bridgeport, the plaintiff has suffered financial losses.

**VIII.    THIRD CAUSE OF ACTION (Unlawful Retaliation in Violation of the ADEA)**

220-286. The plaintiff incorporates as if re-alleged paragraphs 1 through 67.

287.    Because the plaintiff complained about the age discrimination to which she was being subjected by Debra Deida and Kevin Werder, the defendant, Bridgeport, retaliated against her by requiring her, without reasonable cause, to undergo a drug screen, placed her on administrative leave, deprived her of training opportunities, and terminated her employment.

288.    Because the plaintiff's opposition to the defendant, Bridgeport's, age discrimination was the determinative factor in the retaliatory actions to which the plaintiff was subjected by the defendant, Bridgeport, the defendant violated the ADEA.

289.    The defendant, Bridgeport, engaged in retaliation against the plaintiff with malice or reckless indifference to the plaintiff's rights under the ADEA.

290.    The plaintiff's complaint to the defendant, Bridgeport's human resources office about the discriminatory treatment to which she had been subjected by the defendant, Bridgeport, constitutes protected activity under the provisions of the ADEA.

291.    The retaliatory actions to which the defendant subjected the plaintiff would deter a reasonable employee from making, filing, or supporting a claim of workplace discrimination.

292.    The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged and the plaintiff is now suffering and will continue to suffer irreparable injury from her treatment by the defendant, Bridgeport, unless the defendant, Bridgeport, is enjoined by this Court.

293.    The plaintiff is now and will continue to suffer emotional distress as a direct result of the unlawful retaliation of the defendant, Bridgeport.

294.    The plaintiff has suffered economic injury as a direct result of the defendant's unlawful retaliation.

**IX.**    **FOURTH CAUSE OF ACTION (Unlawful Retaliation in Violation of the Connecticut Fair Employment Practices Act)**

295-361. The plaintiff incorporates as if re-alleged paragraphs 1 through 67.

362.    The defendant has subjected the plaintiff to unlawful retaliation because she filed a complaint with the defendant, Bridgeport's human resources office about the age discrimination to which the defendant had subjected her.

363.  Because the plaintiff complained about the age discrimination to which she was being subjected by Debra Deida and Kevin Werder, the defendant, Bridgeport, retaliated against her by requiring her, without reasonable cause, to undergo a drug screen, placed her on administrative leave, deprived her of training opportunities, and terminated her employment.

364.  Because the plaintiff's opposition to the defendant, Bridgeport's discrimination was a motivating and/or determinative factor in the retaliatory actions to which the plaintiff was subjected by the defendant, the defendant violated Connecticut General Statutes §46a-60(b)(4).

365.  The defendant engaged in retaliation against the plaintiff with malice or reckless indifference to the plaintiff's rights under the Connecticut Fair Employment Practices Act.

366.  The plaintiff's complaints to the defendant, Bridgeport's human resources office about the discriminatory treatment to which she had been subjected constitute protected activity under the provisions of Connecticut General Statutes §46a-60(b)(4).

367.  The retaliatory actions that the defendant, Bridgeport, directed at the plaintiff would deter a reasonable employee from making, filing, or supporting a claim of workplace discrimination.

368.  The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged and the plaintiff is now suffering and will continue to suffer irreparable injury

from her treatment by the defendant, Bridgeport, unless the defendant, Bridgeport, is enjoined by this Court.

369.    The plaintiff is now and will continue to suffer emotional distress as a direct result of the defendant's unlawful retaliation.

370.    The plaintiff has suffered substantial economic injury as a direct result of the defendant's unlawful retaliation.

371.    The defendant discriminated against the plaintiff because of the plaintiff's opposition to the unlawful age discrimination to which the plaintiff the defendant, Bridgeport, had subjected her.

372.    Because the plaintiff's opposition to the defendant, Bridgeport's age discrimination was a motivating and/or determinative factor in the retaliation to which the plaintiff was subjected by the defendant, Bridgeport, the defendant, Bridgeport, violated Connecticut General Statutes §46a-60(b)(4).

## X.    **PRAYER FOR RELIEF**

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

As to the first and third causes of action:

a.    Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

b.    Enjoin the defendant from engaging in such conduct;

c.    Award plaintiff the equitable relief of back pay and benefits, together with prejudgment interest for the entire period as well as front salary and benefits accrual;

d.    Award plaintiff liquidated damages;

e.  Award plaintiff costs and attorney fees; and

f.  Grant such other and further relief as the Court may deem just and proper.

As to the second and fourth causes of action:

a.  Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

b.  Enjoin the defendant from engaging in such conduct;

c.  Award plaintiff the equitable relief of back pay and benefits, together with prejudgment interest for the entire period as well as front salary and benefits accrual;

d.  Award plaintiff compensatory damages for the emotional stress she has suffered;

e.  Award plaintiff punitive damages;

f.  Award plaintiff costs and attorney fees; and

g.  Grant such other and further relief as the Court may deem just and proper.

**XI.    JURY DEMAND**

**THE PLAINTIFF REQUESTS A TRIAL BY JURY**.

THE PLAINTIFF – SANDRA J. PETRUSAITIS

BY /s/ Thomas W. Bucci
Thomas W. Bucci
Fed. Bar #ct07805
WILLINGER, WILLINGER & BUCCI, P.C.
1000 Bridgeport Avenue, Suite 501
Shelton, CT   06484
Tel: (203) 366-3939
Fax: (475) 269-2907
Email: thomaswbucci@outlook.com

**EXHIBIT**

**1**

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Sandra J. Petrusaitis
COMPLAINANT                                       CHRO No. 2220333

vs.                                               EEOC No. 16A-2022-00773

City of Bridgeport
RESPONDENT

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint.  The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides.  If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

DATE: March 31, 2023
mrm                                          Tanya A. Hughes, Executive Director

Service:  **VIA EMAIL**
Complainant's Attorney: Thomas W. Bucci, tbucci@wwblaw.com
Respondent's Attorney: John P. Bohannon, Jr., john.bohannon@brigeportct.gov